BAILEY v. THE DUBUQUE WESTERN RAILROAD COMPANY *et al.*

1. JUDGMENT: SUPPLEMENTAL PROCEEDINGS. An order that an execution shall issue against a corporation with a clause inserted therein directing that it shall be levied upon the property of certain stockholders, does not render such stockholders judgment debtors "within the meaning of chapter 126 of the Revision of 1860," and they cannot be compelled, after the return of such an execution, to disclose property in the summary manner provided by said chapter.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 10.

THE facts are stated in the opinion of the court.

*Wilson, Utley & Doud* for the appellants, contended that Pelan and Anderson were not judgment debtors of the plaintiff and appellee, within the meaning of chapter 126 of the Revision of 1860, and cited Monell's New York Practice, 342, 347; *Jones* v. *Lawlin,* 1 Sand. Sup. Ct. R., 722; *Sales* v. *Lawson,* 4 Id., 718; *Conway* v. *Hitchins,* 9 Barb., 378; *Ross* v. *Cheesman,* 9 Sand. Sup. Ct. R., 676, 680.

*Thomas M. Monroe* for the appellee, contended that the appellants are the judgment debtors of the appellee.

BALDWIN, C. J.—The plaintiff obtained a judgment against the Dubuque Western Railroad Company, upon which an execution issued, and which was returned no property found to satisfy the same. A proceeding was

then had against Pelan and Anderson, as stockholders of said company, to make them responsible to plaintiff for the amount of their unpaid installments of stock, and to subject their private property to be levied upon in satisfaction of the plaintiff's judgment. In this proceeding the District Court rendered the following order: "That the said Jesse B. Bailey have execution against the said Dubuque Western Railroad Company for the sum of eight hundred and eighty-five dollars, with interest and costs, &c.—with a clause inserted in said execution directing that it shall be levied on the property of said Pelan and Anderson, to satisfy said execution and costs," &c.

Upon this an execution issued, and the plaintiff filed his petition under the provisions of chapter 126 of the Revision, to compel Pelan and Anderson to disclose certain property which it was claimed they had, but which could not be discovered by the officer holding the writ. To this proceeding Pelan and Anderson objected, and moved that they be discharged from the order of the court, requiring them to answer, &c. This motion being overruled, and a referee being appointed to take their answers, they appeal.

The question presented is, whether Pelan and Anderson are judgment debtors within the meaning of §§ 3375–76 and 78, under which the plaintiff seeks to compel them to answer. If so, they are compelled to answer, if they are not, they should have been discharged.

The appellants were stockholders in the corporation against which the plaintiff had obtained judgment, and under the provisions of § 1172 of the Revision were individually liable to the amount of the unpaid installments owned by them, and an execution against the company to the extent of such unpaid stock could be levied upon their private property. Proceedings were had by plaintiff to determine this amount, and the order above stated was made.

Judgments or orders requiring the judgment of money, &c., are to be enforced by execution. See § 3247 of the Revision. There must be an order to this effect in the judgment, before an execution can issue. In the judgment upon which plaintiff bases this proceeding there is no such order. It will be observed, from the wording of the judgment, that the order of payment is against the corporation, and that, in the execution to be issued, there is a clause to be inserted directing a levy upon the property of appellants. Without a judgment or order against appellants, they do not become judgment debtors.

This was the objection made by the appellants in their motion in the court below, and, not being judgment debtors, they were not liable to answer.

Reversed.